JOHN T. GORMAN
Federal Public Defender
400 Route 8, Suite 501
Mongmong, Guam 96910
Telephone: (671) 472-7111
Facsimile: (671) 472-7120

**FILED**
DISTRICT COURT OF GUAM
MAR - 1 2006
MARY L.M. MORAN
CLERK OF COURT

Attorney for Defendant
ANDREW VELASCO TOVES

## IN THE UNITED STATES DISTRICT COURT
## FOR THE TERRITORY OF GUAM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR 06-00002 |
| | ) | |
| Plaintiff, | ) | DEFENDANT'S PROPOSED JURY |
| | ) | INSTRUCTIONS |
| vs. | ) | |
| | ) | |
| ANDREW VELASCO TOVES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Defendant, ANDREW VELASCO TOVES, by and through his counsel of record,

John T. Gorman, Federal Public Defender, hereby submits the following proposed jury instructions

in the above captioned case.

Mr. Toves respectfully requests leave to submit other and additional instructions as

may become appropriate during the course of trial

DATED: Mongmong, Guam, March 1, 2006.

_____
JOHN T. GORMAN
Attorney for Defendant
ANDREW VELASCO TOVES

**ORIGINAL**

# TABLE OF CONTENTS

1. Duty of Jury ............................................................. 1

2. The Charge Presumption of Innocence ........................................... 2

3. What is Evidence ......................................................... 3

4. What is Not Evidence ...................................................... 4

5. Direct and Circumstantial Evidence ............................................ 5

6. Ruling on Objections ...................................................... 6

7. Credibility of Witnesses .................................................... 7

## Instructions at the Close of Trial

8. Duties of Jury to Find Facts and Follow Law ..................................... 8

9. Charge Against Defendant Not Evidence -
Presumption of Innocence -- Burden of Proof ....................................... 9

10. Defendant's Decision Not to Testify ........................................... 10

11. Defendant's Decision to Testify .............................................. 11

12. Reasonable Doubt - Defined ................................................. 12

13. Direct and Circumstantial Evidence ........................................... 13

14. Statements by Defendant ................................................... 14

15. Silence in the Face of Accusation ............................................ 15

16. Character of Witness for Truthfulness ......................................... 16

17. Opinion Evidence, Expert Witness ............................................ 17

18. Knowingly - Defined ...................................................... 18

19. Mere Presence ........................................................... 19

20. Duty to Deliberate ........................................................ 20

21. Consideration of Evidence .................................................. 21

22. Use of Notes ........................................................... 22

23. Verdict Form ........................................................... 23

24. Possession of a Stolen Firearm ........................................... 24

## INSTRUCTION NO. 1
## DUTY OF JURY

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. These are preliminary instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.1

## INSTRUCTION NO. 2
## THE CHARGE—PRESUMPTION OF INNOCENCE

This is a criminal case brought by the United States government. The government charges the defendant with once count of Possession of a Stolen Firearm in violation of Title 18, United States Code § 922(j).

The charges against the defendant are contained in the indictment. The indictment is simply the description of the charge made by the government against the defendant; it is not evidence of anything.

These instructions are preliminary and the instructions I will give at the end of the case will control.

The defendant pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt. Mr. Chen has the right to remain silent and never has to prove innocence or present any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.2

2

**INSTRUCTION NO. 3**
**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

(1)     the sworn testimony of any witness;

(2)     the exhibits which are to be received into evidence; and

(3)     any facts to which all the lawyers stipulate.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.3

3

## INSTRUCTION NO. 4
## WHAT IS NOT EVIDENCE

The following things are *not* evidence, and you must not consider them as evidence in deciding the facts of this case:

1. statements and arguments of the attorneys;

2. questions and objections of the attorneys;

3. testimony that I instruct you to disregard; and

4. anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.4

4

# INSTRUCTION NO. 5
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.6

5

## INSTRUCTION NO. 6
## RULING ON OBJECTIONS

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.7

6

## INSTRUCTION NO. 7
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 1.8

7

**INSTRUCTION NO. 8**
**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return—that is a matter entirely up to you.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.1

8

# INSTRUCTION NO. 9
## CHARGE AGAINST DEFENDANT NOT EVIDENCE—PRESUMPTION OF INNOCENCE—BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.2

## INSTRUCTION NO. 10
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify. No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.3

10

**INSTRUCTION NO. 11**
**DEFENDANT'S DECISION TO TESTIFY**

The defendant has testified. You should treat this testimony just as you would the testimony of any other witness.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.4

11

## INSTRUCTION NO. 12
## REASONABLE DOUBT—DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.5

**INSTRUCTION NO. 13**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find another fact. You are to consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 3.8

13

**INSTRUCTION NO. 14**
**STATEMENTS BY DEFENDANT**

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.1

## INSTRUCTION NO. 15
## SILENCE IN THE FACE OF ACCUSATION

Evidence has been introduced that statements accusing the defendant of the crime charged in the indictment were made, and that these statements were neither denied nor objected to by the defendant. If you find that the defendant actually was present and heard and understood the statements, and that they were made under such circumstances that the statements would have been denied if they were not true, then you may consider whether the defendant's silence was and admission of the truth of the statements..

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.2

15

**INSTRUCTION NO. 16**
**CHARACTER OF WITNESS FOR TRUTHFULNESS**

You have heard evidence of the character for truthfulness of [name of witness]. A witness. You may consider this evidence along with other evidence in deciding whether or not to believe that witness' testimony and how much weight to give to it.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.7

16

## INSTRUCTION NO. 17
## OPINION EVIDENCE, EXPERT WITNESS

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 4.17

An act is done knowingly if the defendant is aware of the act and does not [act] [fail to act] through ignorance, mistake, or accident. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 5.6

**INSTRUCTION NO. 19**
**MERE PRESENCE**

Mere presence at the scene of a crime or mere knowledge that a crime is being committed is not sufficient to establish that the defendant committed the crime of Possession of a Stolen Firearm, unless you find that the defendant was a participant and not merely a knowing spectator. The defendant's presence may be considered by the jury along with other evidence in the case.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 6.9

## INSTRUCTION NO. 20
## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.1

20

**INSTRUCTION NO. 21**
**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.2

21

**INSTRUCTION NO. 22**
**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.3

22

**INSTRUCTION NO. 23**
**VERDICT FORM**

A verdict form has been prepared for you. [Any explanation of the verdict form may be given at this time.] After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

Manual of Model Jury Instructions for the Ninth Circuit, (2003 Ed.) Section 7.5

## INSTRUCTION NO. 24
## POSSESSION OF STOLEN FIREARM

The defendant is charged in the indictment with one count of Possession of a Stolen Firearm in violation of Title 18, United States Code § 922(j). In order for the defendant to be found guilty of charge the government must prove the each of the following elements beyond a reasonable doubt.

**First**; the defendant knowingly possessed, sold or disposed of a firearm.

**Second**; the firearm had been shipped or transported from one state to another or from a foreign nation to the United States.

**Third**; at the time the defendant possessed, sold or disposed of the firearm, he knew or had reasonable cause to believe the firearm was stolen.

24