Toves..memo

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Sirena Plaza, Suite 500
108 Hernan Cortez Avenue
Hagatna, Guam 96910
Telephone: (671) 472-7332
Telecopier: (671) 472-7334

Attorneys for United States of America

FILED
DISTRICT COURT OF GUAM
MAR - 8 2006
MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 06-00002 |
| Plaintiff, ) | |
| vs. ) | UNITED STATES' ADDENDUM CONCERNING DEFENDANT'S MOTION TO DISMISS |
| ANDREW VELASCO TOVES, ) | |
| Defendant. ) | |

The United States respectfully brings to the Court's attention an item of evidence which was not argued during defendant's Rule 29 motion for judgment of acquittal. Vanessa Castro's account of her meeting with the defendant on June 2 includes the fact that during their conversation he "asked me not to tell the cops" about the gun. Exhibit 2, page 2.

Thus, the evidence presented to the jury, in the light most favorable to the government, is that the Winchester was stolen from Mr. Aguon's residence in Umatac, that defendant lived in Umatac during 2004, that he lied to ATF agents about how he acquired the firearm, and that he asked Vanessa Castro not to tell the "cops" that it was his. In addition, he had no reply when Agent Quintanilla asked why he had not taken the gun to the Guam Police after "finding it," though he understood the legal formalities concerning such weapons.

-1-

1  From the totality of these circumstances, if the jury believes the testimony of Mr. Aguon, Ms. Castro, Ms. Morrison and Agent Quintanilla, the evidence is sufficient to prove, beyond a reasonable doubt, that the defendant believed the firearm was stolen at the time he possessed it.

Respectfully submitted this __8th__ day of March, 2006.

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

By: *Karon V. Johnson*
KARON V. JOHNSON
Assistant U.S. Attorney

- i -