

# FILED

DISTRICT COURT OF GUAM

MAR - 9 2006 ᵱ

MARY L.M. MORAN
CLERK OF COURT

**DISTRICT COURT OF GUAM**
**TERRITORY OF GUAM**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 06-00002 |
| Plaintiff, | |
| vs. | |
| ANDREW VELASCO TOVES, | |
| Defendant. | |

**FINAL JURY INSTRUCTIONS**

Dated: March 8, 2006.

_____
JAMES L. ROBART*
Designated Judge
District Court of Guam

---

*The Honorable James L. Robart, United States District Judge for the Western District of Washington, by designation.

# COURT'S INSTRUCTION NO. 1
## DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW

Members of the jury, now that you have heard all the evidence and the arguments of the lawyers, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult.

It is your duty to find the facts from all the evidence in the case. To those facts you must apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return -- that is a matter entirely up to you.

## COURT'S INSTRUCTION NO. 2

## CHARGE AGAINST DEFENDANT NOT EVIDENCE, PRESUMPTION OF INNOCENCE, BURDEN OF PROOF

The indictment is not evidence. The defendant has pleaded not guilty to the charge. The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence. The government has the burden of proving every element of the charge beyond a reasonable doubt.

## COURT'S INSTRUCTION NO. 3
## REASONABLE DOUBT - DEFINED

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilt beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

## COURT'S INSTRUCTION NO. 4

## WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

        (1)    the sworn testimony of any witness;

        (2)    the exhibits which have been received into evidence; and

        (3)    any facts to which all the lawyers have stipulated.

# COURT'S INSTRUCTION NO. 5

## WHAT IS NOT EVIDENCE

In reaching your verdict you may consider only the testimony and exhibits received into evidence. Certain things are not evidence and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers state them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the question, the objection, or the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**COURT'S INSTRUCTION NO. 6**

**OPINION EVIDENCE, EXPERT WITNESS**

You have heard testimony from persons who, because of education or experience, are permitted to state opinions and the reasons for their opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

## COURT'S INSTRUCTION NO. 7
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of facts from which you could find that another fact exists, even though it has not been proved directly. You are to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

The word "infer"—or the expression "to draw an inference"—means to find that a fact exists based on proof of another fact. For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

# COURT'S INSTRUCTION NO. 8
## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case and any bias or prejudice;

(5)    whether other evidence contradicted the witness's testimony;

(6)    the reasonableness of the witness's testimony in light of all the evidence; and

(7)    any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

# COURT'S INSTRUCTION NO. 9
## DEFENDANT'S DECISION NOT TO TESTIFY

A defendant in a criminal case has a constitutional right not to testify.   No presumption of guilt may be raised, and no inference of any kind may be drawn, from the fact that the defendant did not testify.

# COURT'S INSTRUCTION NO. 10
## STATEMENTS BY DEFENDANT

You have heard testimony that the defendant made a statement. It is for you to decide (1) whether the defendant made the statement, and (2) if so, how much weight to give to it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the defendant may have made it.

# COURT'S INSTRUCTION NO. 11

## SILENCE IN THE FACE OF ACCUSATION

Evidence has been introduced that statements accusing the defendant of the crime charged in the indictment were made, and that the statements were neither denied nor objected to by the defendant. If you find that the defendant actually was present and heard and understood the statements, and that they were made under such circumstances that the statements would have been denied if they were not true, then you may consider whether the defendant's silence was an admission of the truth of the statements.

**COURT'S INSTRUCTION NO. 12**

**POSSESSION OF A STOLEN FIREARM**

The defendant is charged in the indictment with possession of a stolen firearm, in violation of Section 922(j) of Title 18 of the United States Code. In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant knowingly possessed, sold or disposed of a firearm, to-wit: a .22 caliber Winchester Model 9422 Lever-Action Rifle;

Second, the firearm had been shipped or transported from one state to another or from a foreign nation to the United States; and

Third, at the time defendant possessed, sold or disposed of the firearm, he knew or had reasonable cause to believe that the firearm was stolen.

**COURT'S INSTRUCTION NO. 13**

**KNOWINGLY**

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

# COURT'S INSTRUCTION NO. 14

## POSSESSION

A person has possession of something if the person knows of its presence and has physical control of it, or knows of its presence and has the power and intention to control it.

**COURT'S INSTRUCTION NO. 15**

**JURY CONSIDERATION OF PUNISHMENT**

The punishment provided by law for this crime is for the court to decide. You may not consider punishment in deciding whether the government has proved its case against the defendant beyond a reasonable doubt.

**COURT'S INSTRUCTION NO. 16**

**CONSIDERATION OF EVIDENCE**

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions. However, nothing that I have said or done is intended to suggest what your verdict should be — that is entirely for you to decide.

**COURT'S INSTRUCTION NO. 17**

**USE OF NOTES**

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

# COURT'S INSTRUCTION NO. 18
## RETURN OF VERDICT

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it and advise the Court that you are ready to return to the courtroom.

## COURT'S INSTRUCTION NO. 19
## COMMUNICATION WITH THE COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the court security officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing, and I will respond to the jury concerning the case only in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question.

Remember that you are not to tell anyone — including me — how the jury stands, numerically or otherwise, on the question of the guilt of the defendant, until after you have reached a unanimous verdict or have been discharged.

# COURT'S INSTRUCTION NO. 20

## DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.